UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. CASTILLO,<br><br>        Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS<br><br>        Defendant. | Case No.: 23cv867-LL-KSC<br><br>**ORDER**<br><br>**(1) GRANTING IN FORMA PAUPERIS APPLICATION**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915**<br><br>**[ECF No. 3]** |

   This matter is before the Court on behalf of Plaintiff Jose L. Castillo ("Plaintiff"). Plaintiff filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1 ("Compl."). Plaintiff seeks to hold the Bureau of Prisons (BOP) liable for damages based on a delayed release date of approximately one month beyond a 120-month sentence. *Id.* at 2. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) but has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 3.

1

I.      IFP MOTION

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay required court fees may petition the court to proceed without making such payment. A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks and citation omitted). However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citation omitted). The facts as to the litigant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is homeless, unemployed, and does not have any money in a financial institution. ECF No. 3 at 5. Plaintiff receives $281 in public assistance which he uses for food expenses. *Id.* at 4. Further, Plaintiff does not own any real estate, automobile, or any significant assets. *Id.* Under these circumstances the Court finds Plaintiff unable to pay the Court's filing fees without impairing his ability to provide himself the necessities of life. *See Adkins*, 335 U.S. at 339. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. However, if it appears at any time in the future that Plaintiff's financial conditions have improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of Court.

Having granted Plaintiff's application, the Court will next conduct a review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and only order service of the Complaint if it survives screening.

/ / /

## II. LEGAL STANDARD

### A. Screening Pursuant to 28 U.S.C. § 1915

The Court must screen every civil action proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Detailed factual allegations are not required, but merely providing "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). A complaint fails to state a plausible claim for relief if it provides only the "mere possibility of misconduct" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678–79 (citations omitted). Although a court is obligated to construe the pleadings of a pro se litigant liberally, "it may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

### B. *Bivens* Claim

In some settings, a plaintiff whose constitutional rights have been violated by a person acting under color of federal law may have a valid implied cause of action for

damages if there is no other remedy available. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017). This implied cause of action is often referred to as a *Bivens* claim. In *Bivens*, the Court held that violation by federal agents of a person's Fourth Amendment right to be free from unreasonable search and seizure gave rise to a cause of action for damages. *Bivens*, 403 U.S. at 389–90. The Court further expanded the implementation of *Bivens* under the Fifth and Eighth Amendments. *Carlson v. Green*, 446 U.S. 14 (1980) (holding that a cause of action for damages under *Bivens* arose through violation of the Eighth Amendment's Cruel and Unusual Punishments Clause against federal prison officials for inadequate medical care); *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a damages claim under *Bivens* arose through violation of the Fifth Amendment's Due Process Clause against a member of the United States Congress for gender discrimination). A *Bivens* action can only be maintained against a defendant acting in his individual capacity and not in his official capacity. *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996) (citation omitted). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675–76 (citation omitted).

The Supreme Court has emphasized that expanding the *Bivens* remedy beyond its three cases finding implied causes of action—*i.e.*, *Bivens*, *Davis*, and *Carlson*—is a "disfavored judicial activity." *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (citing *Ziglar*, 137 S. Ct. at 1857); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants."). In analyzing a proposed *Bivens* claim, a court must first determine if it presents a new *Bivens* context—if the case is different in a meaningful way from the three cases in which the Court implied a damages action. *Egbert*, 142 S. Ct. at 1803 (citing *Ziglar*, 137 S. Ct. at 1859). Next, if the claim is in a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 137 S. Ct. at 1857–58). Finally, a *Bivens*

remedy is unavailable "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at 1804 (quoting *Ziglar*, 137 S. Ct. at 1858).

## III. DISCUSSION

Plaintiff's Complaint alleges the BOP detained Plaintiff for a total of 121 months instead of the sentenced 120 months. Compl. at 1. Plaintiff refers to his Complaint as a "*Bivens* Action" in the caption and requests five million dollars as compensation for over-detention. *Id.* The Complaint also mentions additional actions which were formerly addressed by the courts and thus do not pertain to the instant *Bivens* claim.[1]

The Court finds Plaintiff has failed to state a claim on which relief may be granted because he fails to name a proper *Bivens* defendant. Plaintiff names the BOP as the defendant that violated his constitutional rights by over-detention. However, the BOP is a federal agency, and a *Bivens* claim is only available against federal employees, not federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Plaintiff must plead that each federal employee defendant has violated the Constitution through the employee's own individual actions. *Iqbal*, 556 U.S. at 676; *Kreines v. United States*, 33 F.3d 1105, 1109 (9th Cir. 1994). Additionally, Plaintiff does not allege which constitutional rights were violated. Thus, the BOP must be DISMISSED with prejudice from this suit, and Plaintiff's Complaint is DISMISSED with leave to amend.

If Plaintiff chooses to amend his Complaint, he must allege facts, not simply conclusions or naked assertions, that show that an individual was personally involved in

---

[1] In the Complaint, Plaintiff mentions two former lawsuits he filed in 1999 and 2020 that allege misconduct by officers and guards. Compl. at 2–3. Plaintiff states that these suits have already been dismissed by the courts [*id.*]; therefore, they do not pertain to the over-detention *Bivens* claim. The doctrine of *res judicata* prohibits a litigant from getting a second bite at the judicial apple. *Res judicata* prevents relitigation of issues litigated and decided in prior suits, as well as issues that could have been litigated in that prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citation omitted); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011).

the violation of his constitutional rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Federal Rule of Civil Procedure 8 "requires a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Detailed factual allegations are not necessary, but "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Plaintiff must name each individual defendant, state what happened, when it happened, what each defendant did, and how those actions or inactions violated a constitutional right. *Washington v. Santa Rita Cnty. Jail*, No. 18-CV-03420 LHK (PR), 2018 WL 11260508, at *2 (N.D. Cal. Aug. 27, 2018).

## IV.   CONCLUSION

For the reasons set forth above, the Court orders the following:

1. The Bureau of Prisons is **DISMISSED with prejudice**.

2. Plaintiff's Complaint is **DISMISSED with leave to amend** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. If Plaintiff believes he can state a cognizable claim for relief, he shall file an Amended Complaint on or before **October 23, 2023**. Plaintiff shall include the words AMENDED COMPLAINT in the caption on the first page. The Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (citation omitted) ("[A]n amended pleading supersedes the original.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and his

failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: September 8, 2023

Honorable Linda Lopez
United States District Judge